[ECF No. 28]

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| **ERIC SHANNON et al.,** | |
| **Plaintiffs** | |
| **v.** | **Civil No. 25-2314 (SAK)** |
| **OHIO SECURITY INSURANCE et al.,** | |
| **Defendants.** | |

**OPINION AND ORDER**

Presently before the Court is the Motion for Summary Judgment filed by Defendant Government Employees Insurance Company a/k/a GEICO [ECF Nos. 28, 36]. No opposition was filed. Pursuant to 28 U.S.C. § 636(c), the parties consented to this Court's jurisdiction. ECF Nos. 19, 20. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, GEICO's Motion is **GRANTED**.

## I.      FACTUAL BACKGROUND

This case arises out of an April 17, 2023 motor vehicle accident involving Plaintiff Eric Shannon ("Shannon") and Yamil Figueroa, an underinsured motorist ("UIM"). Def.'s SoMF ¶ 1, ECF No. 28-1. Plaintiffs allege that, while Shannon was stopped in traffic, Figueroa rear-ended his vehicle. *Id.* Shannon and his spouse, Tara Shannon, filed the present lawsuit seeking compensation under their UIM insurance coverage for alleged injuries stemming from the accident. *Id.* ¶¶ 2, 5; *see generally* Compl., ECF No. 1.

At the time of the accident, Shannon was operating a Ford truck registered to his employer, "Affordable Fire." *Id.* ¶¶ 6, 18. The truck was a company work vehicle assigned to Shannon. Ex.

L, 11:1–5; 19:7–20:14, ECF No. 36-1.  Shannon testified he used the truck regularly, taking it home each night and driving it daily for work for approximately two years. *Id.* 20:3–14; 67:22–69:24; *see also* Def.'s SoMF ¶¶ 18–19, ECF No. 28-1.  Two insurance policies were in effect at the time.  Liberty Mutual had issued a Business Auto Policy to Shannon's employer, Affordable Fire Protection, Inc., providing coverage for the involved truck. Def.'s SoMF ¶ 7, ECF No. 28-1.  GEICO had also issued a separate personal insurance policy to Plaintiffs that provided coverage for three vehicles, none of which were involved in the accident. *Id.* ¶¶ 9–11.

GEICO's policy included two provisions relevant to GEICO's motion.  First, the "other insurance" provision in GEICO's policy provides insurance "excess over any other similar insurance available to the insured" when the "insured occupies an auto or other motor vehicle not described" in GEICO's policy. Ex. C, Endorsement A30NJ (02-21), § IV, Conditions, ¶ 4, ECF No. 28-7; *see also* Def.'s SoMF ¶¶ 14–16.  Second, the "regular use" provision in GEICO's policy excludes from coverage "bodily injury sustained by an insured while occupying a motor vehicle not owned by, and furnished for the regular use of the insured when involved in an accident with an underinsured motor vehicle." Ex. C, Endorsement A30NJ (02-21), § IV, Exclusions, ¶ 6, ECF No. 28-7; *see also* Def.'s SoMF ¶ 17.

## II.    **PROCEDURAL HISTORY**

Plaintiffs filed this action against Liberty Mutual and GEICO, seeking damages from each Defendant pursuant to their respective policy's underinsured motorist coverage. *See* Compl. at 6–10, ECF No. 1.  GEICO now moves for summary judgment as to all claims and counterclaims against it.  GEICO contends that it is entitled to summary judgment under either of the two relevant provisions in its personal automobile policy with Shannon. *See* Def.'s Br. at 9–25, ECF No. 28-2.

2

### III.    LEGAL STANDARD

Summary judgment will be granted if, drawing all reasonable inferences in the nonmoving party's favor, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). The moving party bears the burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). If a reasonable jury could find for the non-moving party, the issue is considered genuine. *Id.* A movant may satisfy this burden by submitting affirmative evidence negating an essential element of the nonmoving party's claim or demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of their case. *Id.* at 331; *see also Polizzi Meats, Inc. v. Aetna Life & Casualty Co.*, 931 F. Supp. 328, 333 (D.N.J. 1996) (holding that, when a movant meets their burden for summary judgment and a nonmovant has failed to produce evidence demonstrating a material fact at issue, a court "must grant summary judgment").

Pursuant to Local Civil Rule 56.1(a), "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Where there is no opposition to a motion for summary judgment, a court may not simply grant summary judgment on the basis that the motion is unopposed. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Bank of Am., N.A. v. Sonali Energees USA, LLC*, 2:19-cv-20992, 2022 WL 73497, at *3 (D.N.J. Jan. 7, 2022). A court must still assess whether the movant has satisfied the burden of establishing the nonexistence of a genuine issue. *Id.*; *see also Wilczek v. Phillips 66 Co.*, 2:19-cv-17374, 2023 WL 3644652, at *3 (D.N.J. May 25, 2023) ("A failure to dispute a party's statement of material facts, however, 'is not alone a sufficient basis for the entry of a summary judgment.'") (quoting in part *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

3

## IV.    DISCUSSION

GEICO argues that it is entitled to summary judgment because there exists no genuine dispute of material fact as to its insurance obligation.  GEICO maintains that pursuant to its "regular use" provision, it has no coverage obligation for the accident.  It asserts that this provision expressly excludes coverage stemming from an accident with an underinsured motor vehicle where the claimant occupies a vehicle he does not own, and which is furnished to him for regular use. *See* Def.'s Br. at 15–25, ECF No. 28-2.  The Court agrees that there exists no genuine dispute of material fact that the truck driven by Shannon was not owned by him, but was rather furnished to him by his employer for his regular use, and is thereby excluded from coverage.[1]  Accordingly, the Court will grant GEICO's motion for summary judgment.

Federal courts apply state law principles of contract interpretation with regard to insurance policies. *See Royal Ins. Co. of Am. V. KSI Trading Corp.*, 563 F.3d 68, 73–74 (3d Cir. 2009). Well-settled New Jersey law dictates that "insurance policies are contracts of adhesion and, as such, are to be afforded 'special scrutiny.'" *Interstate Aerials, LLC v. Great Am. Ins. Co. of New York*, 595 F. Supp. 2d 373, 377–78 (D.N.J. 2008), *aff'd*, 352 F. App'x 637 (3d Cir. 2009) (quoting in part *Zacarias v. Allstate Ins. Co.*, 168 N.J. 590, 594–95 (2001)).  Where there is an absence of ambiguity "so confusing that the average policyholder cannot make out the boundaries of coverage," the terms of an insurance policy "are to be given their plain, ordinary meaning." *Id.*  In such circumstances, a court "should not write for the insured a better policy than the one purchased." *Zacarias*, 168 N.J. at 595.

Exclusionary provisions are "presumptively valid" and enforceable so long as they are

---

[1] The Court finds that it need only consider GEICO's argument on the "regular use" provision to reach its conclusion. Therefore, the Court does not address GEICO's argument on the "other insurance" provision. *See* Def.'s Br. at 9–14, ECF No. 28-2.

4

"specific, plain, clear, prominent, and not contrary to public policy." *Flomerfelt v. Cardiello*, 202 N.J. 432, 441 (2010) (internal citations omitted). If an exclusionary provision is "clear and unambiguous," courts are not tasked with engaging in a "strained construction" to impose liability on the carrier. *Id.* (internal citations omitted). Moreover, regular use exclusions, as exist in this case, are generally recognized to serve the purpose of providing coverage for "occasional or incidental use of other cars without the payment of an additional premium," while "exclud[ing] the habitual use of other cars, which would increase the risk of the insurance company without a corresponding increase in the premium." *DiOrio v. New Jersey Mfrs. Ins. Co.*, 79 N.J. 257, 263 (1979). New Jersey courts have presented an "overwhelming weight of authority" finding that the language typical of regular use exclusions—such as 'non-owned automobiles' and 'not furnished for the regular use' of the insured—is unambiguous. *Id.* at 267–68. Consistent with these authorities, the Court finds that GEICO's regular use provision is unambiguous and means "exactly what it says." *Id.* at 267. GEICO will not cover "bodily injuries sustained by an insured while occupying a motor vehicle not owned by, and furnished for the regular use of the insured when involved in an accident with an underinsured motor vehicle." Ex. C, Endorsement A30NJ (02-21), § IV, Exclusions, ¶ 6, ECF No. 28-7.[2]

The Court is satisfied that GEICO's regular use exclusion is applicable here, thus rendering GEICO not liable to Plaintiffs. Shannon testified that, while he did not own the truck, his employer

---

[2] Additional cases have upheld regular use exclusions in the context of vehicles driven in the course of employment but not owned by the individual seeking coverage. *See Ventners v. Selected Risks Ins. Co.*, 120 N.J. Super. 549, 552 (App. Div. 1972) (upholding the application of a regular use provision, even when the plaintiff was assigned a fleet of vehicles as opposed to one vehicle); *see also Siemietkoski v. Velasquez-Flores*, No. A-2841-18T3, 2020 WL 4036621, at *3 (N.J. Super. Ct. App. Div. July 17, 2020) (upholding an identical regular use provision to the one at issue here); *see also Brebner v. Gov't Emps. Ins. Co.*, No. A-0974-19T2, 2021 WL 208220, at *2 (N.J. Super. Ct. App. Div. Jan. 21, 2021) (same); *see also Edouard v. Gov't Emps. Ins. Co.*, No. A-4443-19, 2021 WL 5313780, at *2 (N.J. Super. Ct. App. Div. Nov. 16, 2021) (same).

conferred to him a general right to use this truck while on the job.  He further testified that he used the truck on a daily basis.  Consequently, the truck was "furnished" for the "regular use" of the insured.  Shannon's testimony is undisputed.[3]  Additionally, no party contested GEICO's argument that the regular use exclusion applies.  GEICO has satisfied its burden of establishing the nonexistence of a genuine issue as to its liability.

V.    **CONCLUSION**

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** on this **18th** day of **May**, **2026**, that Defendant GEICO's motion for summary judgment is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' complaint as to GEICO and any crossclaims against GEICO are **DISMISSED**.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

---

[3] Here, no response or counterstatement to GEICO's Statement of Material Facts was filed. Pursuant to L. Civ. R. 56(a), a movant's statement of material facts is deemed undisputed when a party does not respond or file a counterstatement.  Hence, GEICO's statement of material fact is deemed undisputed.